# EXHIBIT 2

**EXHIBIT 2**

KEVIN V. RYAN (CASBN 118321)
United States Attorney

MARK L. KROTOSKI (CASBN 138549)
Chief, Criminal Division

MICHELLE MORGAN-KELLY (DEBN 3651)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510)637-3705
Facsimile: (510)637-3724

Attorneys for Plaintiff

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 05 00552 JSW |
| Plaintiff, ) | |
| ) | PLEA AGREEMENT |
| v. ) | |
| LARRY HILL, ) | |
| Defendant. ) | |

I, Larry Hill, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written plea agreement (the "Agreement") pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

The Defendant's Promises

1. I agree to plead guilty to Counts One and Two of the captioned indictment charging me with two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). I agree that the elements of the offense and the maximum penalties are as follows: (1) I knowingly and intentionally distributed (2) a controlled substance, to wit, cocaine base.

      a.    Maximum prison sentence    40 years (each count)

      b.    Maximum fine    $2,000,000 (each count)

PLEA AGREEMENT
CR 05 00552 JSW

|   |   |   |   |
|---|---|---|---|
| | c. | Maximum supervised release term | 5 years |
| | d. | Mandatory special assessment | $100 (each count) |

I understand that, because I am pleading guilty to more than one count, the Court may order the sentences on those counts to run consecutively. I understand that the statute I have violated, 21 U.S.C. § 841, subjects me to a mandatory minimum prison sentence of 5 years, a maximum prison sentence of 40 years and a fine of $2,000,000. In sum, if the Court orders the sentences on Counts One and Two to run consecutively, I am subject to a maximum prison sentence of up to 80 years and a maximum fine of up to $4,000,000.

2.  I agree that I am guilty of the offenses to which I will plead guilty, and I agree that the following facts are true: On or about July 27, 2005, I knowingly and intentionally distributed approximately 27.29 net grams of a mixture and substance containing cocaine base. This was subsequently re-weighed by the defense at 24.36 grams. On or about August 3, 2005, I knowingly and intentionally distributed approximately 26.87 net grams of a mixture and substance containing cocaine base. This was subsequently re-weighed by the defense at 25.99 grams. The total combined weight of these two subtances was over 50 grams of a mixture and substance containing cocaine base. On each of these occasions, I knew the substance I was distributing was cocaine base, commonly known as "crack."

3.  I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government and to future DNA testing of physical evidence in the government's possession; and to pursue any affirmative defenses and present evidence.

4.  I agree to give up my right to appeal my convictions, the judgment, and orders of

PLEA AGREEMENT
CR 05 00552 JSW                                         2

the Court. I also agree to waive any right I may have to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution.

5. I understand that under 18 U.S.C. § 3600, I have the right, under certain circumstances, to post-conviction DNA testing of evidence in the government's possession in support of a claim that I am actually innocent of the offenses to which I am pleading guilty under this plea agreement. I agree to waive my right to post-conviction DNA testing and my right to file a petition under 18 U.S.C. § 3600 to compel that testing.

6. I agree not to file any collateral attack on my convictions or sentence, including a petition under 28 U.S.C. §2255, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated.

7. I agree not to ask the Court to withdraw my guilty pleas at any time after they are entered.

8. I agree that the Court will calculate my sentencing range under the Sentencing Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. I agree that regardless of the sentence that the Court imposes on me, I will not be entitled, nor will I ask, to withdraw my guilty pleas. I also agree that if the Court determines that I am not a Career Offender under U.S.S.G. § 4B1.1, the Sentencing Guidelines range will be calculated as follows:

    a. Base Offense Level, U.S.S.G. § 2D1.1(a)(3):   32
       (At least 50 grams of cocaine base)

    b. Acceptance of responsibility:   -3
       (If I meet the requirements of
       U.S.S.G. § 3E1.1)

    c. Adjusted offense level   29

PLEA AGREEMENT
CR 05 00552 JSW       3

I also agree that if the Court determines that I am a Career Offender under U.S.S.G. § 4B1.1, the Sentencing Guidelines range will be calculated as follows:

| | | |
|---|---|---|
| a. | Career Offender, U.S.S.G. § 4B1.1(b) | 34 |
| b. | Acceptance of responsibility:<br>(If I meet the requirements of<br>U.S.S.G. § 3E1.1) | -3 |
| c. | Career Offender Adjusted Offense Level | 31 |
| d. | Career Offender Criminal History Category | VI |
| e. | Career Offender Guidelines Range | 188 - 235 months |

I understand that the government will recommend a sentence within the Career Offender Guidelines range of imprisonment, and I reserve my right to argue in favor of a downward departure. There is no agreement as to the Criminal History Category. I agree that, regardless of any other provision in this agreement, the government may and will provide to the Court and the Probation Office all information relevant to the charged offenses or the sentencing decision. I also agree that the Court is not bound by the Sentencing Guidelines calculations above. The Court may conclude that a higher guideline range applies to me, and, if it does, I will not be entitled, nor will I ask, to withdraw my guilty pleas.

9. In return for the government's promises set out below, I agree to pay restitution for all the losses caused by all the schemes or offenses with which I was charged in this case, and I agree that the amount of restitution will not be limited to the loss attributable to the counts to which I am pleading guilty, pursuant to 18 U.S.C. § 3663(a)(3). I agree that I will make a good faith effort to pay any fine, forfeiture or restitution I am ordered to pay. Before or after sentencing, I will, upon request of the Court, the government, or the U.S. Probation Office,

PLEA AGREEMENT
CR 05 00552 JSW                                4

provide accurate and complete financial information, submit sworn statements and give depositions under oath concerning my assets and my ability to pay, surrender assets I obtained as a result of my crimes, and release funds and property under my control in order to pay any fine, forfeiture, or restitution. I agree to pay the special assessment at the time of sentencing.

10. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release (if any); intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; or fail to comply with any of the other promises I have made in this Agreement. I agree that, if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this agreement, including those set forth in paragraphs 13 through 14 below, but I will not be released from my guilty pleas.

11. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

12. I agree that this Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

13. The government agrees to move to dismiss Count Three pending against the defendant in the captioned indictment at the time of sentencing.

14. The government agrees not to file or seek any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned indictment.

The Defendant's Affirmations

PLEA AGREEMENT
CR 05 00552 JSW                                    5

15. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that he has provided me with all the legal advice that I requested.

16. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

17. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this agreement.

Dated: 9/6/06

LARRY HILL
Defendant

KEVIN V. RYAN
United States Attorney

Dated: 7/6/06

MICHELLE MORGAN-KELLY
Assistant United States Attorney

I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights he is giving up by pleading guilty, and, based on the information now known to me, his decision to plead guilty is knowing and voluntary.

Dated: 9/6/06

V. ROY LEFCOURT
Attorney for Defendant

PLEA AGREEMENT
CR 05 00552 JSW                    6