# EXHIBIT 3

**EXHIBIT 3**

V.ROY LEFCOURT (SBN 49950)
Attorney at Law
1934 Divisadero Street
San Francisco, CA 94115
Phone: (415) 776-0207
Fax:    (415) 776-8047

Attorney for Defendant
LARRY DARNELL HILL

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO.    CR 05-00552-01 JSW |
| Plaintiff, | ) | **SENTENCING MEMORANDUM/ MOTION FOR DOWNWARD DEPARTURE** |
| vs. | ) | |
| LARRY DARNELL HILL, | ) | Date:   October 26, 2006 Time:   2:30 p.m. The Hon. Jeffrey S. White |
| Defendant. | ) | |

TO THE HONORABLE JEFFREY S. WHITE, ASSISTANT UNITED STATES ATTORNEY MICHELLE MORGAN-KELLY, AND UNITED STATES PROBATION LYNNE RICHARDS:

The defendant, Larry Darnell Hill,, moves the Court for a downward departure on the grounds that (1) the applicable Criminal History Category (VI) substantially over-represents the seriousness of his criminal history and the likelihood that he will commit other crimes under United States Sentencing Guideline § 4A1.3; and (2) The Presentence Report proposed sentence is still disproportionate to the offenses because it does not adequately consider the 18 U.S.C. 3553(a) factors which must guide this Court.

I.    INTRODUCTION

The Presentence report recommends a sentence of 120 months, recommending a downward departure based on the factors considered by the US Sentencing Guidelines.  Of course, the Sentencing Guidelines are now merely advisory. *United States v. Booker*, 543 U.S. 220, 125

S.Ct. 738 (2005). The Court properly calculates the Guideline range, but then must take the second step of determining whether the proposed Guideline sentence is reasonable. *Id.* at 260; *United States v. Cantrell*, 433 F.3d 1269, 1279 (2006).

The Court may consider whether the Guidelines accurately reflect the defendant's criminality. The Court may also consider mitigating factors which do not appear in the Guidelines, in addition to the sentencing factors the Court is required to consider under 18 U.S.C. 3553(a). *Cantrell, supra*, 433 F.3d at 1279. In determining whether to make a downward departure under the Sentencing Guidelines and how significant a downward departure the Court should grant, several factors together may constitute a mitigating circumstance which renders downward departure appropriate. *U.S. v. Koon*, 34 F.3d 1416 (9th Cir. 1994) reh'g den. 45 F.3d 1303, as amended, cert. grntd in part 116 S.Ct. 39, 515 U.S. 1190, aff'd in part, rev'd in part 116 S.Ct. 2035, 518 U.S. 81, on remand 91 F.3d 1313; *United States v. Cook*, 938 F.2d 149, 153 (9th Cir.1991); *United States v. Floyd*, 945 F.2d 1096, 1099 (9th Cir.1991), corrected, 956 F.2d 203 (9th Cir.1992); U.S.S.G. § 5H1.12.

## II. THE CAREER CRIMINAL AND CRIMINAL HISTORY CATEGORY CALCULATIONS SERIOUSLY OVER-REPRESENTS THE DEFENDANT'S CRIMINALITY

Both the Career Criminal and the Criminal History Category calculation substantially over-represents the seriousness of the defendant's criminal history and the likelihood that he will commit other crimes. (*See* U.S.S.G § 4A1.3). Mr. Hill received 16 points for his prior convictions. However, the Court may look behind the Guideline's calculation at the convictions themselves to determine if the Criminal History Category or the Career Criminal Category is reasonable under the circumstances.

For instance, in United States. v. Anderson the court found that Category III significantly over-represented the defendant's prior convictions which were for drunk driving and domestic battery, such that a downward departure to criminal history category II was warranted. The defendant was in Category III because his current offenses were committed while he was on conditional discharge and the prior convictions were not as serious as others which placed

SENTECING MEMORADUM/MOTION FOR DOWNWARD DEPARTURE

2

offenders in Category III, in view of the absence of permanent damage arising from either conviction. *U.S. v. Anderson*, 955 F.Supp. 935 (N.D.Ill.1997).

Likewise in Mr. Hill's case, the point calculation leading to Criminal History Category VI may be accurate but it is nonetheless disproportionate. All of Mr. Hill's drug convictions are related to marijuana, not to more serious drugs. He has no crack cocaine priors. None of his serious priors cause "permanent damage" in the sense of *Anderson*.

The other relatively minor offenses really should be given very little weight. For instance, the June 1997 conviction (P.S.R. para. 29) was for misdemeanor domestic violence, and misdemeanor reckless driving. *See* U.S.S.G. § 4A1.2(c)(1). The March 1998 misdemeanor state court conviction for "Unlawful Use of a Telecommunications Device (P.S.R. para. 30) was for illegal use of a cell phone (CA Pen.C. § 502.8). While not specifically named in the U.S.S.G. § 4A1.2(c)(1), the offense really should be placed in the same class as "Insufficient funds check", thereby not garnering Mr. Hill any points since his entire sentence was 18 days in jail. *Id.* Even the 2002 misdemeanor domestic violence charge (P.S.R. para. 33) was mitigated: Mr. Hill's girlfriend made the complaint in December 2002; he was not arrested on the warrant until six months later; apparently during that time there was no repetition of his conduct.

**III.    OTHER 18 U.S.C. 3553(a) FACTORS MAKE DOWNWARD DEPARTURE APPROPRIATE**

In addition to calculating the discretionary guideline range, this Court must determine what sentence is reasonable in light of all the 18 U.S.C. § 3553(a) factors, some of which the Guidelines do not take into account. *Cantrell*, *supra*, 433 F.3d at 1280. Here the Guidelines' failure to take those other factors into account render a straight Guidelines sentence unreasonable.

A. <u>History and Characteristics of the Defendant.</u>

Section 3553(a)(1) states that a defendant's history and characteristics are relevant to the sentencing determination. This defendant has forged ties which should be recognized as mitigating factors.

The defendant has a good relationship with his boys, who live in Nevada, and according to the boys' mother he is a good father. The P.S.R. states, "Mr. Hill adores his children and sees them as often as he can." P.S.R. at para. 43.

Mr. Hill is a member of the carpenters' union and had steady work until he was arrested. His employer wrote a letter of recommendation to this Court, commending him as "a conscientious and hard worker. . . a team builder and moral booster . . . attentive to his job duties." His employer concluded, "Mr. Hill is a bright young man and should be afforded the opportunity to prove himself a benefit to his community and society. . . . I feel that a prolonged incarceration for Mr. Hill dos not serve justice." P.S.R. at para. 49.

Mr. Hill's case has generated a large number of letters from his community. Fourteen letters of recommendation, as well as other documents, are incorporated herewith as Exhibit A. (These letters and documents are being filed hardcopy with the Court). They demonstrate his efforts to overcome his mistakes and transform himself into a productive citizen and role model for his sons. They also highlight the significant number of people who care what happens to him and believe he can contribute to society.

B.  <u>Avoiding Unwarranted Sentencing Disparities.</u>

Section 3553(a)(6) cautions this Court to avoid unwarranted sentencing disparities. Here, there are several disparities, some intentional, some apparently random, which lead to an unreasonable Guidelines sentence. These are grounds for downward departure as well.

>     (1)  The fortuity that this case was prosecuted in federal court, rather than state court, should not subject Mr. Hill to a disproportionate sentence than his counterparts in state court would receive.

The only federal nexus to this case is the fact that it was investigated by the D.E.A. According to the discovery, the D.E.A. was involved in an operation to attack random drug dealing in East Palo Alto. No evidence exists that Mr. Hill had any involvement with interstate drug

SENTECING MEMORADUM/MOTION FOR DOWNWARD DEPARTURE

4

traffic, or gangs, or a substantial amount of contraband. No facts in this case preclude this matter from being prosecuted in state court aside from the fortuity of the law enforcement agency involved.

If Mr. Hill had been prosecuted in state court, he would have been charged with possession for sale of cocaine base, to wit: Penal Code section 11351.5, which carries a potential prison term of three, four, or five years. The amount of cocaine involved in this case is not very significant, comparatively speaking. Many defendants in state court, possess greater quantities of base cocaine, and receive significantly lower sentences than proposed here. *Id.*

In light of Mr. Hill's prior criminal history it is likely that a state court would impose a state prison sentence. On the other hand, the fact that all his previous drug convictions involved marijuana would mitigate against an aggravated sentence. If prosecuted in state court, Mr. Hill would most likely receive the mid-term of four years and the second count would most likely run concurrently for a total commitment to state prison of 48-months which would be served at one half-time. If Count II were sentenced consecutively, Mr. Hill would receive an additional sentence of 1/3 of the midterm to wit: 16-months or a total commitment of five years, four months in state prison at half time.[1] *Id.*

  (2)  The disparity between the punishment for crack and powder cocaine leads to an unfair sentencing range.

Counsel presumes that the Court is well aware of the 100 to 1 disparity between the sentencing guidelines for crack cocaine versus powder cocaine. U.S.S.G. § 2D1.1(c). The unfairness of this disparity creates in itself a basis for the Court to depart from the Guidelines. In 1995, 1997, 2001, 2002 and 2004, the United States Sentencing Commission strongly urged Congress to reduce that sentencing ratio. *U.S. Sentencing Commission*, Report to the Congress:

---

1 To demonstrate this point, counsel selected three cases in which he represented defendants in state court charged with possession for sale or sale of base cocaine this year: (1) *People v. Josue Gonzales*, case no. 2181123, in which the defendant was charged with possessing 39.72 grams of cocaine base while being on probation for the identical offense and the defendant received a sentence of three years in state prison at half-time; (2) *People v. Michael Northcut*, case no. 2225982, in which the defendant was charged with a sale of a small amount of cocaine base, in which he was on probation for a sale and had two additional possession for sale of cocaine base prior convictions and he received a sentence of four years in state prison at half-time; (3) *People v. Aflie Broussard*, case no. 2211528, in which the defendant was charged with possession for sale of 19 bags of cocaine base while on probation for possession for sale of cocaine base and received a sentence of two years in state prison at half-time.

SENTECING MEMORADUM/MOTION FOR DOWNWARD DEPARTURE

5

Cocaine and Federal Sentencing Policy 91 (2002), available at http://www.ussc.gov/reports.htm; *U.S. Sentencing Commission*, Special Report to the Congress: Cocaine and Federal Sentencing Policy 2 (1997), available at http://www.ussc.gov/reports.htm; *U.S. Sentencing Commission*, Special Report to the Congress: Cocaine and Federal Sentencing Policy 198 (1995), available at http://www.ussc.gov/reports.htm. It "recommended that the crack cocaine threshold be raised . . . replacing the 100 to 1 ratio with a 20 to 1 ratio." *U.S. Sentencing Commission*, "Fifteen Years of Guideline Sentencing: An Assessment of How Well the Criminal Justice System is Achieving the Goals of Sentencing Reform", at 132 (2004), http://www.ussc.gov/15_year/15year.htm. It concluded, "Revising the crack cocaine thresholds . . . would dramatically improve the fairness of the federal sentencing guidelines." *Id.*

Recent unpublished cases, not precedential authority but perhaps persuasive to this Court, have considered that disparity as a factor under 18 U.S.C. 3553(a) as a reason for a downward departure. *See, e.g.*, *United States v. Jacques* 170 Fed.Appx. 476, 477 (9th Cir. 2006).

    (3) Law enforcement's decision not to arrest Mr. Hill after he had committed his first offense led to an increase in the Guideline Range.

While recognizing the seriousness of the crime for which Mr. Hill pled guilty, it is important to recognize that under the Guidelines the weight of the drugs is the driving force behind the sentence. For every controlled buy that is made, the quantity of the drugs is increased, and so is the sentence. This is a random effect which depends on the choices of the law enforcement officers, uncontrolled and uncontrollable by the United States Attorney or this Court.

In this case, Mr. Hill sold a quantity of drugs to an informant but was not immediately arrested, though the initial arrest could have been accomplished easily. He then sold a quantity of drugs to an informant again, but was not arrested. Accordingly, the combined weight of the drugs is what constitutes the threshold offense level 32, an extremely high level for less than two ounces of contraband.

The defense does not suggest that Mr. Hill was entrapped. Nevertheless, had law

enforcement chosen to arrest him after the first offense, his offense level would have been 28. Arresting Mr. Hill at that point would have served the laudable and stated goal of the enforcement operation to clean up the streets of East Palo Alto. The single decision, whether made with guidelines sentencing in mind or not, led to a four-level increase in the offense level with a subsequent range of 188-235 instead of 130-162 months.

The extra weight of the drugs is what tipped Mr. Hill into base offense level 32. His total drug weight was 54.26 grams (27.39 for the first offense, 26.87 for the second – less according to the defense calculation) P.S.R. para. 5-6. The total is just 4.6 grams over the limit which makes his offense level a 32 instead of a level 30. U.S.S.G. § 2D1.1(c)(4), (5). It is acknowledged that the Guideline had to draw a line somewhere. Yet since the Guidelines are advisory, the fact that an additional weight of approximately four grams can result in an additional sentence of five years is patently disproportionate.

### IV.   MR. HILL SHOULD BE SENTENCED TO SIXTY MONTHS

Though it appears that only fate brought Mr. Hill to federal court rather than state court, the fact remains that he is here. In federal court, he faces a draconian sentence and even the recommended sentence from the P.S.R. of 120 months is exceptionally severe. Indeed, if the defendant were sentenced to 120 months he would actually serve eight and a half years in custody.

Justice requires that an appropriate sentence be imposed. Likewise, the Court must be cognizant that justice requires proportional sentencing. This Court has the discretion to impose concurrent sentences on Mr. Hill under 18 U.S.C. 3584(a). Indeed, the presumption is that multiple terms run concurrently unless the Court states otherwise. *Id.* The section 3553(a) factors determine the Court's choice. 18 U.S.C. 3584(b).

The defense requests the Court sentence Mr. Hill to sixty months on each count to run concurrently. If Mr. Hill were to receive that sentence, he would actually serve 51 months in custody or four years, three months. The amount of time he will serve in custody is at least twice what I believe he would have received if he had been sentenced in state court. It is difficult to

SENTECING MEMORADUM/MOTION FOR DOWNWARD DEPARTURE

7

conceive that a sentence does not become disproportionate when the defendant is being punished in a much more severe fashion than others comparably situated.  Interesting enough, Mr. Hill's criminal history is less severe than the cases I cited since his prior drug convictions involved marijuana and not base cocaine.

With a sixty-month sentence, this Court would acknowledge the seriousness of the offenses, but at the same time recognize that Mr. Hill is an individual who can be a productive law-abiding citizen.

Dated:  10/20/06

                                            Respectfully submitted,

                                            _/s/ V.ROY LEFCOURT_____
                                            V. ROY LEFCOURT
                                            Attorney for Defendant
                                            LARRY DARNELL HILL