# EXHIBIT 4

**EXHIBIT 4**

KEVIN V. RYAN (CASBN 118321)
United States Attorney

MARK KROTOSKI (CASBN 138549)
Chief, Criminal Division

MICHELLE MORGAN-KELLY (DEBN 3651)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3705
   Facsimile: (510)637-3724
   michelle.morgan-kelly@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-05-00552 JSW |
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | |
| LARRY HILL, | **Hearing Date: October 26, 2006** |
| Defendant. | **2:30 p.m.** |
| | **The Honorable Jeffrey S. White** |

The United States of America, by and through its undersigned attorney, hereby files this sentencing memorandum opposing the recommendation of the U.S. Probation Office. The government respsectfully submits that the Court should impose a 188-month sentence, reflecting the low end of the Career Offender Sentencing Guidelines range, and that the downward departure to 120 months recommended by the U.S. Probation Office should be denied.

**FACTUAL BACKGROUND**

Defendant pled guilty on July 6, 2006 to Counts One and Two of an Indictment charging him with distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), pursuant to a Plea Agreement under Federal Rule of Criminal Procedure 11(c)(1)(A) and (B). Count One charged defendant with distributing approximately 29 grams of crack cocaine to a DEA confidential

GOVERNMENT'S SENTENCING MEMORANDUM
No. CR 05 00552 JSW

1  informant on July 27, 2005, and Count Two charged defendant with distributing approximately
2  28 grams of crack cocaine to a DEA confidential informant on August 3, 2005.  Both sales, for
3  $480 apiece, were captured on videotape.
4       In the Plea Agreement, the government agreed to dismiss Count Three of the Indictment,
5  which charged defendant with possessing with the intent to distribute approximately 53 grams of
6  crack cocaine on August 16, 2005.  This incident is noted as relevant conduct in the Presentence
7  Report at ¶ 6.  Also found during the residential search that yielded this contraband were $13,060
8  in U.S. currency, a bullet-resistant vest, a digital scale, a roasting pan, and small zip-lock type
9  baggies.  A gun also was found at the residence.
10       The parties agreed in the Plea Agreement to a United States Sentencing Guidelines
11  adjusted offense level of 29, and a Career Offender adjusted offense level of 31, which would
12  result in a Criminal History Category of VI and a Guidelines range of 188-235 months.
13  Defendant reserved his right to argue in favor of a downward departure.
14       Even without the Career Offender calculation, defendant's Criminal History Category
15  would be VI.  His criminal history includes five prior drug convictions, a conviction for spousal
16  battery and reckless driving, a conviction for being a felon in possession of a firearm, and two
17  misdemeanor convictions for firearms and unlawful use of a telecommunications device,
18  respectively.
19       While the report filed by the U.S. Probation Office is consistent with the parties'
20  calculations of the proper offense level and applies the Career Offender Guidelines range, it is
21  inconsistent regarding the appropriate sentence.  As anticipated, the U.S. Probation Office
22  indicates in its report that the proper adjusted offense level is 31, and that defendant's Career
23  Offender Criminal History Category is IV, resulting in a sentencing range of 188-235 months
24  imprisonment.  The U.S. Probation Office, however, recommends that the Court downwardly
25  depart to a sentence of two consecutive 60-month sentences for a total of 120 months, asserting
26  that the Court should not impose a sentence greater than necessary to achieve the goals of
27  sentencing.
28  //

GOVERNMENT'S SENTENCING MEMORANDUM
No. CR 05 00552 JSW                              2

## ARGUMENT

**I. The Government's Recommended Sentence of 188 Months Imprisonment Best Achieves All Of The Goals Of Sentencing.**

"The factors which a district court must consider in determining the length of a sentence 'include individual considerations of background, character, and conduct, as well as the systemic goals of deterrence, rehabilitation, and consistency in sentencing.'" *United States v. Duran*, 37 F.3d 557, 560 (9th Cir. 1994) (quoting *Unites States v. Upshaw*, 918 F.2d 789, 792 (9th Cir. 1990)); *see also* 18 U.S.C. § 3553(a); *United States v. Plouffe*, 436 F.3d 1062 (9th Cir. 2006). The United States believes that it is appropriate to "give considerable weight to the recommended Guidelines sentence" in light of the purposes of punishment. *United States v. Wilson,* 350 F. Supp. 2d 910, 912 (D. Utah 2005). A Career Offender Guidelines sentence here of 188 months is both reasonable and warranted.

Defendant is a Career Offender because, simply put, he has established a career in crime. As noted by the Probation Office itself, defendant's criminal history is "not a pretty sight." PSR, Sentencing Recommendation at 2. Defendant has five prior felony convictions for drug sales, and the instant course of conduct involved two sales of crack cocaine as well as the possession of a significant amount of crack cocaine for distribution. In addition, defendant's Criminal History includes violent and gun-related offenses, along with numerous probation and parole violations. In sum, defendant has developed a significant career in crime that would put him well into Criminal History Category VI even without the application of the Career Offender guideline, which also dictates a Criminal History Category of VI.

Defendant has served time on multiple occasions for the sale of a controlled substance, yet clearly did not learn his lesson. Indeed, his latest offenses arguably involve a more serious type of controlled substance. Thus, it is imperative to impress upon the defendant the seriousness of his conduct in order to deter such conduct in the future. In light of defendant's propensity to engage in the sale of a very dangerous controlled substance despite previous incarceration for similar offenses, and his history of gun-related and violent offenses, the government believes that a Guidelines sentence of 188 months is warranted to serve the goals of

deterrence, treatment, promoting respect for the law, protecting the public, consistency in sentencing, and just punishment. *See* 18 U.S.C. § 3553(a).

A sentence of 188 months already takes into account all of the factors that the Probation Office is using to justify its departure recommendation, and more. It is only in light of defendant's prior efforts to rehabilitate himself, the promise he has shown at other points in his life, his problems with drug dependence, and his acceptance of responsibility that the government is willing to recommend the low end of the Guidelines range. Thus, from the government's perspective, a low-end sentence of 188 months already compensates for defendant's circumstances. In addition, the government recognizes that 188 months is a substantial sentence, particularly for an individual who never has served such a lengthy sentence before. Balancing all of the factors of Section 3553(a), the 188-month sentence recommended by the government best serves the federal sentencing goals.

## CONCLUSION

For all of the foregoing reasons, the government respectfully requests that defendant be sentenced to 188 months imprisonment, the low end of the Career Offender Sentencing Guidelines calculation.

Respectfully submitted,

KEVIN V. RYAN
United States Attorney

DATED:   October 20, 2006

\s\
MICHELLE MORGAN-KELLY
Assistant United States Attorney